UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

        Plaintiff,

    v.                             CAUSE NO. 3:21-CV-372 DRL-MGG

B. HOGAN *et al.*,

        Defendants.

OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, filed a complaint. ECF 1. He has also filed a motion for a temporary restraining order. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his complaint, Mr. Winters states that, on March 25, 2021, Officers E. Cheek and B. Hogan approached his cell for the purpose of cleaning it. ECF 1 at 2. Mr. Winters asserts that he was attempting to throw out state blankets that had been used to wipe up his cell floor and that had human feces, urine, and toilet water on them. *Id*. He claims that, when Officer Hogan noticed he was attempting to throw out the blankets, Officer Hogan told him not to do so and slammed the cell's tray slot on his left hand. *Id*. Mr. Winters asserts

that Officer Hogan continued to maliciously slam his hand in the tray slot stating, "[M]ove your ****** hand or I swear to God I'm gon[na] break your shit." *Id*. He states he attempted to remove his hand from the tray slot, but it was stuck in the slot. *Id*. Officer Hogan then removed his OC spray from his belt, sprayed Mr. Winters, and called a signal. *Id*. At 10:30 p.m., the cell extraction team removed Mr. Winters from is cell so it could be decontaminated. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Giving Mr. Winters the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim of excessive force against Officer Hogan for allegedly slamming the tray slot on his hand and spraying him with OC spray on March 25, 2021.

To the extent Mr. Winters alleges that Officer Cheek did not intervene and stop Officer Hogan from slamming the tray slot on his hand and spraying him with OC spray, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v.*

*Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it cannot be plausibly inferred that Officer Hogan's alleged use of excessive force—slamming the tray slot on Mr. Winter's hand and deploying OC spray—lasted sufficiently long for Officer Cheek to intervene. Also, other than alleging that Officer Cheek approached his cell, he does not explain why he believes Officer Cheek had an opportunity to intervene on his behalf. Therefore, Mr. Winters has not stated a claim for failure to intervene against Officer Cheek.

Next, Mr. Winters states that later in the evening on March 25, 2021, he was seen by Nurse M. Sapper. ECF 1 at 2. He told Nurse Sapper that his left hand had been slammed in the tray slot and he was in severe pain. *Id*. Mr. Winters also reported that the OC spray caused his genitals to burn. *Id*. at 2-3. However, Nurse Sapper disregarded his injuries and simply took his vitals. *Id*. Mr. Winters states that a week later, his left thumb started turning colors and had an odor. *Id*. at 3. Shortly thereafter, his nail came off of his left thumb. *Id*. Mr. Winters claims that he has submitted numerous healthcare requests for medical help for his thumb due to pain and being unable to sleep at times, but he has yet to receive the care he needs. *Id*. On March 30, 2021, he submitted an informal complaint to the Director of Nurses; and on April 8, 2021, she responded stating there was no documentation of any injury from March 25, 2021. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if

it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Giving Mr. Winters the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim against Nurse Sapper for being deliberately indifference to the injuries he sustained as a result of the March 25, 2021, incident.

Mr. Winters next asserts that when he returned to his cell on March 25, 2021, his personal and state property were missing. ECF 1 at 3. He asked Lt. Cain what happened to his property and he told him his cell had been stripped of his property for a 72-hour period. *Id*. Mr. Winters claims that the taking of his property violated his constitutional rights.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post

deprivation remedy."). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore, Mr. Winters may not proceed on this claim.

Furthermore, Mr. Winters has asserted a number of state law claims against the defendants. ECF 1 at 4. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *Van Valkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions. *Id.* Mr. Winter's complaint does not include any allegations that he complied with the notice requirements of the Indiana Tort Claims Act. Thus, his state law claims will be dismissed.

As a final matter, Mr. Winters has filed a motion for a temporary restraining order. ECF 11. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In his motion, Mr. Winters states that he is being harassed by Officer Hogan because he is "constantly threatening to slam [his] hand in the cuff port again so [he is] forced to deny anything that [he is] suppose[d] to get (medication, laundry, food, and trash pick up) because [he is] the officer that's handling the cuff port." ECF 11 at 1. He states he is in "imminent danger cause [Officer Hogan] is aware of [his] lawsuit because [Officer Hogan's] supervisor screened [his] legal mail and witnessed his name and informed him." *Id*. Mr. Winters has not alleged facts to show that he will be irreparably harmed if an injunction is not issued. Therefore, his motion will be denied. *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.")

For these reasons, the court:

(1) DENIES Emmanuel A. Winters's motion for a temporary restraining order (ECF 11);

(2) GRANTS Emmanuel A. Winters leave to proceed against Officer B. Hogan in his individual capacity for compensatory and punitive damages for allegedly slamming the tray slot on his hand and deploying OC spray on him on March 25, 2021, in violation of the Eighth Amendment;

(3) GRANTS Emmanuel A. Winters leave to proceed against Nurse Sapper for being deliberately indifferent to the injuries he sustained as a result of the March 25, 2021, incident, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Officer E. Cheek;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer B. Hogan at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Sapper at Wexford of Indiana, LLC with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer B. Hogan and Nurse M. Sapper to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 16, 2021                              s/ Damon R. Leichty
                                             Judge, United States District Court