UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

    Plaintiff,

    v.                                     CAUSE NO. 3:21-CV-372-DRL-MGG

B. HOGAN, et al.,

    Defendants.

## OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, filed an amended complaint. ECF 15. He has also filed a request for a temporary restraining order. ECF 27. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his amended complaint, Mr. Winters effectively asserts the same facts as he asserted in his original complaint. Mr. Winters first says, on March 25, 2021, Officers E. Cheek and B. Hogan approached his cell for the purpose of cleaning it. ECF 15 at 2. Mr. Winters says he was attempting to throw out state blankets that had been used to wipe up his cell floor and that had human feces, urine, and toilet water on them. *Id*. He claims that, when Officer Hogan noticed he was attempting to throw out the blankets, Officer

Hogan told him not to do so and slammed the cell's tray slot on his left hand. *Id*. Mr. Winters states that Officer Hogan continued to maliciously slam his hand in the tray slot stating, "[M]ove your ****** hand or I swear to God I'm gon[na] break your shit." *Id*. He attempted to remove his hand from the tray slot, but it was stuck in the slot. *Id*. Officer Hogan removed his OC spray from his belt, sprayed Mr. Winters in the genital area, and then called a signal. *Id*. At about 10:03 p.m., the cell extraction team removed Mr. Winters from his cell so that cell could be decontaminated. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Winters the inferences to which he is entitled at this stage, he has stated a plausible Eighth Amendment claim of excessive force against Officer Hogan for allegedly slamming the tray slot on his left hand and spraying him with OC spray in his genital area on March 25, 2021.

Next, Mr. Winters states that, during the evening of March 25, 2021, he was seen by Nurse M. Sapper. ECF 15 at 2. He told Nurse Sapper that his left hand had been slammed in the tray slot and he was in severe pain. *Id*. Mr. Winters further reported that the OC spray caused his genitals to burn. *Id*. at 2-3. He states that Nurse Sapper

2

disregarded his injuries and only took his vitals. *Id*. Mr. Winters claims that about a week later, his left thumb started turning colors, had an odor, and was hard to move. *Id*. at 3. Shortly thereafter, his nail came off of his left thumb. *Id*. Mr. Winters asserts that he submitted numerous healthcare requests for his thumb due to pain and being unable to sleep at times, but he has not yet received appropriate care. *Id*. On March 30, 2021, he submitted an informal complaint; and, on April 8, 2021, he was told there was no documentation of any injury from March 25, 2021. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Giving Mr. Winters the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim against Nurse Sapper for being deliberately indifference to the injuries he sustained as a result of the March 25, 2021 incident.

Furthermore, Mr. Winters asserts a state law claim of assault and battery against Officer Hogan and a state law claim of negligence against Nurse Sapper. ECF 15 at 3. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions. *Id.* Here, Mr. Winters alleges he has complied with the notice requirements because he filed tort claims with the Indiana Attorney General and the other appropriate division more than 90 days ago but has yet to receive a response. *Id.*

With respect to Officer Hogan, Mr. Winters asserts Officer Hogan used excessive force against him when he slammed the tray slot on his left hand. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, while the evidence may ultimately demonstrate that the use of force was justified, giving Mr. Winters the inferences to which he is entitled at this stage of the case, he may proceed against Officer Hogan on his state law battery claim.

However, as to Nurse Sapper, pursuant to the Indiana Tort Claims Act, "there is no remedy against the individual employee so long as [she] was acting within the scope

4

of [her] employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). Therefore, Mr. Winters cannot proceed on a state law claim for negligence against Nurse Sapper because, given his allegations, she would have been acting within the scope of her employment.

As a final matter, Mr. Winters filed a letter with the court in which he requested a temporary restraining order. ECF 27. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In his letter, Mr. Winters states he is requesting a temporary restraining order because the "defendant and his supervisor ha[ve] direct access to all my incoming and outgoing mail and my mail [is] being withheld from me." ECF 27 at 1. Because Mr. Winters has not been granted leave to proceed on a First Amendment claim to send and receive mail, his motion will be denied. If Mr. Winters seeks legal recourse for his alleged First Amendment claim, the proper course is to file another lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]").

For these reasons, the court:

5

(1) DENIES Emmanuel A. Winters's request for a temporary restraining order (ECF 27);

(2) GRANTS Emmanuel A. Winters leave to proceed against Officer B. Hogan in his individual capacity for compensatory and punitive damages for allegedly slamming the tray slot on his left hand and deploying OC spray in his genital area on March 25, 2021, in violation of the Eighth Amendment;

(3) GRANTS Emmanuel A. Winters leave to proceed against Officer B. Hogan in his individual capacity for compensatory and punitive damages for committing a battery against him when he allegedly slammed the tray slot on his left on March 25, 2021, in violation of Indiana law;

(4) GRANTS Emmanuel A. Winters leave to proceed against Nurse Sapper in her individual capacity for compensatory and punitive damages for allegedly being deliberately indifferent to the injuries he sustained on March 25, 2021, in violation of the Eighth Amendment;

(5) DISMISSES all other claims; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer B. Hogan and Nurse M. Sapper to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 5, 2021 *s/ Damon R. Leichty*
Judge, United States District Court