UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

    Plaintiff,

v.

B. HOGAN and MELANIE SAPPER,

    Defendants.

CAUSE NO. 3:21-CV-372-DRL-MGG

OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, is proceeding in this case on two claims alleging violations of federal law and one claim alleging a violation of state law. First, he is proceeding on a federal claim "against Officer B. Hogan in his individual capacity for compensatory and punitive damages for allegedly slamming the tray slot on his left hand and deploying OC spray in his genital area on March 25, 2021, in violation of the Eighth Amendment[.]" ECF 30 at 6. Second, he is proceeding on a state-law claim "against Officer B. Hogan in his individual capacity for compensatory and punitive damages for committing a battery against him when he allegedly slammed the tray slot on his left hand on March 25, 2021, in violation of Indiana law[.]" *Id*. Third, he is proceeding on a federal claim "against Nurse Sapper in her individual capacity for compensatory and punitive damages for allegedly being deliberately indifferent to the injuries he sustained on March 25, 2021, in violation of the Eighth Amendment[.]" *Id*. The defendants moved for summary judgment on each of Mr. Winters' claims, arguing (1) Mr. Winters' federal claims must be dismissed because he did not exhaust his

administrative remedies before filing suit, and (2) this court should decline to exercise supplemental jurisdiction over his state-law claim after dismissing his federal claims. ECF 50. Mr. Winters filed a response and the defendants filed a reply. ECF 63, 64. The summary judgment motion is now ripe for ruling.

Regarding Mr. Winters' federal claims, the defendants argue summary judgment is warranted in their favor because Mr. Winters did not exhaust his administrative remedies before filing this lawsuit. ECF 51 at 7-8. Specifically, the defendants provide an attestation from the prison's Grievance Specialist that Mr. Winters never filed any formal grievance regarding his allegations Officer Hogan used force against him and Nurse Sapper denied him medical treatment. ECF 51-2 at 3.

Prisoners are prohibited from bringing an action under federal law with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be

excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

In his response, Mr. Winters concedes he did not exhaust his administrative remedies before filing this lawsuit. Instead, he argues the grievance office made his administrative remedies unavailable by failing to respond to his grievances. ECF 63. Specifically, Mr. Winters attests he submitted a formal grievance through the mail approximately ten days after the incident but never received any receipt or response from the grievance office. ECF 63-1 at 2. He also attests that, after a week without any response, he submitted a second formal grievance through the mail but again never received any response from the grievance office. *Id.*

Here, the undisputed facts show Mr. Winters had available administrative remedies he did not fully exhaust. Specifically, accepting as true that Mr. Winters submitted two grievances and never received any receipt or response from the grievance office, he provides no evidence he complied with the Offender Grievance Process' requirements to notify the Grievance Specialist of the lack of response after ten business days and submit a written appeal after twenty business days. *See* ECF 51-4 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact"); *id.* at 12 ("If the offender receives no grievance response within twenty (20) business days of the Offender Grieves

3

Specialist's receipt of the grievance, the offender may appeal as though the grievance had been denied"); *id.* at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager). Thus, because it is undisputed Mr. Winters had available administrative remedies he did not fully exhaust, the defendants have met their burden to show Mr. Winters did not exhaust his administrative remedies prior to initiating this lawsuit. Therefore, Mr. Winters' federal claims must be dismissed. *See Perez*, 182 F.3d at 535 ("a suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed").

Regarding Mr. Winters' state law claim, the defendants argue this court should decline to exercise supplemental jurisdiction over this claim after dismissing his federal claims. ECF 51 at 8-9. This court originally had supplemental jurisdiction over Mr. Winters' state law claim because it arose from the "same case or controversy" as his federal claims. *See* 28 U.S.C. § 1367(a). Section 1367 provides that a federal court may decline to exercise supplemental jurisdiction over a state law claim when the court has dismissed all the claims within its original jurisdiction. 28 U.S.C. § 1367(c)(3). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998). In deciding whether to retain federal jurisdiction, this court may consider whether the case is in its "gestational stage," the areas of state law that are implicated in the plaintiff's claim, and the need to "promote judicial economy, fairness, and comity with

4

state courts." *Isabella A. v. Arrowhead Union High Sch. Dist.*, 323 F. Supp. 3d 1052, 1064-65 (E.D. Wis. 2018) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351-52 (1988) and *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 548 F.3d 505, 514-15 (7th Cir. 2009)).

Here, dismissal of Mr. Winters' state law claim to facilitate a state court filing is appropriate. Applying the factors the court considers in retaining jurisdiction, this case is still in its "gestational stage" as the parties have not yet conducted any discovery regarding the merits of Mr. Winters' claims. The remaining battery claim implicates fundamental Indiana state law issues, which this court is hesitant to rule on when Indiana courts are adequately prepared to handle the case. Lastly, the interests of judicial economy, fairness, and comity with state courts weigh in favor of dismissal of this action. Because this court sees no reason to retain jurisdiction over this case, the court declines to retain jurisdiction under 28 U.S.C. § 1367. Mr. Winters may proceed to prosecute his state law battery claim by refiling in state court.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 50);

(2) DISMISSES Mr. Winters' federal claims for lack of exhaustion;

(3) DECLINES to exercise supplemental jurisdiction over Mr. Winters' state-law claim against Officer B. Hogan, leaving Mr. Winters to pursue that claim, if he wishes, in state court; and

(4) DIRECTS the clerk to enter judgment in favor of the defendants and against Emmanuel A. Winters and to close this case.

SO ORDERED.

August 30, 2022                                              *s/ Damon R. Leichty*
                                                             Judge, United States District Court